Circuit Court for Queen Anne's County
Case No. C-17-CR-00267
Argued: December 18, 2024

<u>IN THE SUPREME COURT</u>

<u>OF MARYLAND</u>

Misc. No. 16

September Term, 2024

_____

ROMA SCOTT

v.

HONORABLE PAUL M. BOWMAN

_____

Fader, C.J.,
Watts,
Booth,
Biran,
Gould,
Eaves,
Killough,

JJ.

_____

PER CURIAM ORDER

_____

Filed: December 20, 2024

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

|  | * | IN THE |
| ROMA SCOTT | * | SUPREME COURT |
|  | * | OF MARYLAND |
| v. | * | Misc. No. 16 |
|  |  | September Term, 2024 |
|  | * |  |
| HONORABLE PAUL M. BOWMAN | | (No. 1867, Sept. Term, 2024 |
|  | * | Appellate Court of Maryland) |
|  | * | (Cir. Ct. No. C-17-CR-17-000267) |

PER CURIAM ORDER

Whereas, in May 2017, Roma Scott, the appellant, was charged in the Circuit Court for Queen Anne's County with 60 counts of drug-related offenses in Case No. C-17-CR-17-000267 ("Case 267").  In September 2017, Mr. Scott pleaded guilty to three counts of conspiracy to possess with intent to distribute cocaine; and

Whereas, in January 2018, the circuit court sentenced Mr. Scott to consecutive sentences of ten years of incarceration, with all but five years suspended, on each of the three counts, and five years of supervised probation upon release; and

Whereas, on April 20, 2023, Mr. Scott filed a petition for postconviction relief raising four allegations:  (1) his guilty plea was not knowing or voluntary, (2) the sentences for three separate conspiracies were illegal on the ground that there was only one conspiracy, (3) his counsel was ineffective for failing to file a motion to suppress, and (4) the cumulative effect of the errors required relief.  On August 5, 2024, Mr. Scott filed a supplemental petition raising a fifth allegation:  that the trial court had improperly failed

to inform Mr. Scott of his post-trial rights and his defense counsel was ineffective for failing to object or inform Mr. Scott of his post-trial rights on the record; and

Whereas, Mr. Scott alleges that before a hearing on the supplemental petition, in connection with a different proceeding, the parties reached a global agreement pursuant to which, as it concerns Case 267, (1) the State would concede that Mr. Scott was entitled to the relief of a new trial on his post-conviction petition in Case 267, (2) if granted a new trial, Mr. Scott would then plead guilty again, and (3) the State would recommend a sentence of time served; and

Whereas, on August 26, 2024, counsel for both Mr. Scott and the State met in chambers with Respondent, the judge to whom the postconviction petition in Case 267 was assigned. Mr. Scott alleges that during that meeting, Respondent (1) stated that he would not accept the parties' agreement, (2) "express[ed] annoyance" with the fact that Mr. Scott would be released pursuant to the agreement, and (3) stated that Mr. Scott would not get out of prison on "my watch." Following that meeting in chambers, Respondent held a hearing on Mr. Scott's postconviction petition; and

Whereas, on October 21, 2024, Respondent issued an order in which he:

- On the first allegation: (1) summarized Mr. Scott's contention that his guilty plea was not entered knowingly and voluntarily based on two incorrect statements about his right to a jury trial and the trial court's failure to make a required finding on the record; (2) stated that "[r]elief on this allegation is granted to the extent that Petitioner will be granted the right to a belated appeal," and (3) without discussing or analyzing the substance of Mr. Scott's allegation about his guilty plea, determined that he was not adequately advised of his post-trial rights and that the proper remedy for that was a "belated appeal";

2

- On the second allegation: (1) summarized Mr. Scott's contention that his sentence for three separate conspiracies was illegal; (2) stated that "[r]elief will be granted in part"; and (3) without discussing or analyzing the substance of Mr. Scott's allegation about his sentences, stated that he would receive a "belated appeal";

- On the third allegation: (1) stated that relief on this allegation would be denied; (2) summarized Mr. Scott's contention that his counsel was ineffective for failing to file a motion to suppress evidence from a wiretap; and (3) analyzed the merits of Mr. Scott's contention and explained why relief was being denied;

- On the fourth allegation: (1) stated that relief on this allegation would be denied; and (2) stated that the court had not found any ineffective assistance of counsel;

- On the fifth allegation: (1) stated that relief would be granted in the form of a belated appeal; and (2) reiterated that the trial court had failed to advise Mr. Scott of his post-trial rights; and

- Summarized that the court granted a "belated appeal" as relief on allegations one, two, and five, and denied allegations three and four; and

Whereas, on October 24, 2024, Mr. Scott filed a motion requesting that Respondent rule on the merits of all his postconviction claims, including his claims that his guilty plea was not knowing and voluntary and his sentence was illegal. On November 15, 2024, Respondent denied Mr. Scott's motion and reiterated that the only appropriate relief was a belated "direct appeal"; and

Whereas, on November 18, 2024, Mr. Scott filed a petition for a writ of mandamus in this Court in which he sought a writ to compel Respondent "to directly address the issues raised on post-conviction," *Scott v. Bowman*, Misc. No. 16, Md. Sept Term, 2024 ; and

Whereas, on November 20, 2024, Mr. Scott filed in the circuit court a notice of appeal "pursuant to the Order issued by [the circuit court] on October 21, 2024 to the

3

Appellate Court of Maryland." That appeal was docketed by the Appellate Court as Case No. 1867 of the September Term, 2024; and

Whereas, also on November 20, 2024, Mr. Scott filed in the circuit court an application for leave to appeal from the denial of his petition for post-conviction relief; and

Whereas, on November 21, 2024, Mr. Scott amended his petition for a writ of mandamus to name Judge Paul M. Bowman as Respondent. Respondent responded to the petition on December 2, 2024. The response did not dispute Mr. Scott's allegations concerning Respondent's statement in chambers on August 26, 2024. The response also did not provide an explanation for why the October 21, 2024 order (1) did not analyze the merits of allegations one and two, (2) nevertheless stated that relief would be provided as to those allegations, but (3) ordered relief that was inconsistent with the allegations and unavailable as a matter of law; and

Whereas, on December 9, 2024, Respondent issued a document titled "Supplemental Statement of Reasons for Post-Conviction Relief" in Case 267 that, among other things:

- On the first allegation: (1) addressed the merits of Mr. Scott's contention that his guilty plea was not entered knowingly and voluntarily for the first time; and (2) now denied relief;
- On the second allegation: (1) addressed the merits of Mr. Scott's contention that his sentence for three conspiracies was illegal for the first time; and (2) now denied relief;
- On the third and fourth allegations, reached the same determinations to deny relief on both allegations for the same reasons as provided previously;
- On the fifth allegation, reached the same conclusion that the trial judge had failed to advise Mr. Scott of his post-trial rights, but now provided

4

the relief of a belated application for leave to appeal, rather than a belated direct appeal; and

Whereas, both parties submitted supplemental filings on December 11, 2024 and this Court held oral argument on Mr. Scott's petition on December 18, 2024; and

Whereas, the relief ordered in the October 21, 2024 order—a belated direct appeal from the circuit court's judgment entered following Mr. Scott's 2017 plea of guilty—is not an available remedy. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-302(e)(2) (stating that the grant of a right of direct appeal does not authorize "an appeal from a final judgment entered following a plea of guilty in a circuit court. Review of such a judgment shall be sought by application for leave to appeal."); and

Whereas, the December 9 supplemental statement of reasons is a nullity because it would, if effective, directly affect the subject matter of Mr. Scott's pending appeal from the October 21 order. The December 9, 2024 order made three substantive changes from the October 21 order: (1) denying relief on allegation one, for which the October 21 order had granted relief; (2) denying relief on allegation two, for which the October 21 order had granted relief; and (3) altering the relief provided on allegation five.[1] After an appeal has

---

[1] During oral argument on the petition for writ of mandamus, counsel argued that in the October 21 order, Respondent had not granted relief on allegations one and two because the only relief Respondent granted was a right to a belated appeal. But the October 21 order stated expressly that relief was granted on allegations one and two. Similarly, counsel argued that in the October 21 order, Respondent had granted a belated application for leave to appeal, rather than a belated appeal, because the only relief he could lawfully have granted was a belated application for leave to appeal. However, the October 21 order references only a belated appeal, not a belated application for leave to appeal, and Respondent's November 15 order also stated (twice) that he had intended to granted a belated direct appeal.

been filed, a circuit court cannot exercise its jurisdiction in a way that "affects either the subject matter of the appeal or the appellate proceeding itself—that, in effect, precludes or hampers the appellate court from acting on the matter before it." *Jackson v. State*, 358 Md. 612, 620 (2000); *see also State v. Thomas*, 465 Md. 288, 300 (2019) ("[A] circuit court may not exercise that jurisdiction in a way that frustrates the appellate process[.]"); and

Whereas, pursuant to Rule 8-301(a)(4), this Court may grant bypass review on its own initiative on an appeal noted to the Appellate Court of Maryland, *see 120 West Fayette Street, LLLP v. Mayor & City Council of Baltimore City*, 413 Md. 309, 327 (2010); and

Whereas, in the unique and convoluted procedural posture of the pending appeal, application for leave to appeal, and petition for writ of mandamus, the Court has determined that the interests of justice will be served by granting certiorari, vacating the order that improperly granted Mr. Scott a belated appeal, denying the petition for writ of mandamus in a separate order, and returning this matter to the Circuit Court for Queen Anne's County for a resolution of Mr. Scott's postconviction petitions on a clean slate;

Now, therefore, it is this 20th day of December, 2024, by the Supreme Court of Maryland,

ORDERED that this Court grants certiorari on its own initiative; and it is further

ORDERED that the October 21, 2024 order of the Circuit Court for Queen Anne's County is vacated; and it is further

ORDERED that this case is remanded to the Circuit Court for Queen Anne's County

for a ruling on Mr. Scott's postconviction petitions by a different judge.



   /s/ Matthew J. Fader
Chief Justice